United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JORGE HERRERA-GUTIERREZ,** | § | |
| **Petitioner,** | § | |
| | § | **CIVIL ACTION NO. 5:26-CV-01547;** |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-1254** |
| | § | |
| **WARDEN, *et al.*,** | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Dkt. No. 1). Petitioner challenges their continued detention in federal immigration custody. Petitioner filed an Emergency Notice, in which he informed the Court he had been removed from the United States. (Dkt. No. 8). Thus, Petitioner is no longer in custody.

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

The evidence before the Court demonstrates that Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales*, 426 F.3d at 735. Petitioner is not in physical custody of Respondents, and there are no restrictive conditions on Petitioner's liberty at this time. As such, the Court finds no reason to believe that there is a live controversy remaining after Petitioner's removal, and the Court therefore has no jurisdiction.

This Court ordered Respondents to notify Petitioner and the Court of any anticipated or planned removal or transfer of Petitioner outside of the Southern District of Texas at least seven (7) days before any such transfer. (Dkt. No. 6 at 3). Respondents filed no such advisory with the Court. Further, Petitioner represents that he was removed without warning and without an opportunity to consult with counsel. (Dkt. No. 8). Without addressing the merits of Petitioner's argument regarding lack of notice, the Court does not have jurisdiction under 28 U.S.C. § 2241 because petitioner is no longer "in custody." Nevertheless, Respondents are **ADMONISHED** to comply with the Court's orders.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **DISMISSED as moot** because Petitioner is no longer detained. All other relief requested by Petitioner and any pending motions are **DENIED as moot**.

The Clerk of Court is **DIRECTED** to mail this Order to Petitioner via regular mail and any receipted means to the following address: 10066 Birchfield Drive, San Antonio, Texas 78245.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on November 2, 2026.

John A. Kazen
United States District Judge